Out of Time Appeal  WR-15,583-12

William Robert Parker

The Six Court of Appeal
State of Texas 75501
Texarkana Texas

V.S.
State of Texas

RECEIVED IN
The Court of Appeals
Sixth District

APR 0 6 2015

Texarkana, Texas
Debra Autrey, Clerk

Cause #13,122
Panola County

The Honorable Judges of Said Court Now Comes William Robert Parker in Second Out of Time Appeal and State for the Record of Inneffective Assistance of Counce on Each and Every Ground Enclosed by Supporting case Law of Strikelin V.S. Washington

Deletration I William Robert Parker State from the Panola County Jail on Limited Supply of Legal Writing Materials that the attached Documents are true and Correct on all pages in Support of Out of Time Appeal on this the 29 day of March 2015 by my Signature of William Robert Parker

Signature
William Robert Parker

Certifict of Service

I William Robert Parker State by Deletration this out of Time Appeal is mailed by Regular Mail to the 16th Court of Appeals 100 East Tine Road #20 Texarkand, Texas 75501 On this the 29 day of March 2015 by my Signature

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 09 2015

Abel Acosta, Clerk

Signature
William Robert Parker

Page 2 3-29-2015
W.R.P.

RECEIVED IN
The Court of Appeals
Sixth District

APR 0 6 2015

Texarkana, Texas
Debra Autrey, Clerk

Out of Time Appeal
Cause # 13,122
Panola County

William Robert Parker vs. Panola County
Texas

Page 1 3-29-2015
WRP

## TABLE OF CONTENTS

(1) ~~Page @ 3-29~~ Out of Time Appeal............................. pgs. 15-15A

(2) Unsworn Declaration............................................. pg. 1 page

(3) Inability to Pay.............................................. pgs. 1 page

(4) Appendix                                                          1 page



Page @ 3-29-2015
W. R. P.

WILLIAM ROBERT PARKER
Petitioner, Pro Se

v.

THE STATE OF TEXAS

§
§
§
§
§
§
§

123rd Judicial District Court

of

Panola County, Texas 75633

---

Petitioner's Separate Memorandum Of Legal Citation's to Support Petitioner's State

Application For Out of Time Appeal ~~~~~~~~~~

~~~~~~~~~~

---

To The Honorable Judge of said Court:

Come Now, William Robert Parker, Petitioner, Pro Se, TDCJ-ID NO. 00325353 here-
inafter refered to as "Petitioner" and file this his "Application Seperate Memora-
ndum of Legal Citation's to Support Petitioner's Application for Out Of Time Appeal
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ The Petitioner w
will show this Honorable Court the following:

The 123rd Judicial Court of Panola County, Texas did not have Legal Jurisdiction
in the above-styled cause and that Petitioner is Actually Innocent.

## I.

### STATEMENT OF FACTS FOR GROUND ONE

The Panola County Sheriff Department did not have Legal Jurisdiction to
investigate this crime.

FACTS SUPPORTING GROUND ONE:

The Panola County Sheriff's Department was apparently called to investigate
this murder case and even though this crime had happened in Shelby County the
Panola County Sheriff's Department continued their investigation, which was out-
side of their legal boundries and their Legal Jurisdiction and then arrested and
charged the Petitioner with Murder in Panola County, Texas. The Petitioner has
included a hand drawn map of where this murder was, infact, committed (according to

page 4  3-29-2015
W.R.P.

Pg. 1.

police records), showing that the murder was committed in Shelby County, Texas and not in Panola County, Texas as indicated in the Indictment handed down by the Panola County Grand Jury, Which had no legal jurisdiction in this case. The law plainly states "Judicial action without jurisdiction is void. Fontenot v. State (App. 2 Dist. 1966) 932 S.W.2d 185. Criminal Law: Key Code 83." Tex. Crim App. 1996.

"In criminal cases, as opposed to civil cases, jurisdiction cannot be substantilly invoked, it either attaches or it does not. Olivo v. State, 918 S.W.2d 519."

END OF GROUND ONE:

## II.

### STATEMENT OF FACTS FOR GROUND TWO

The Panola County Grand Jury, that handed down this Indictment for murder against Petitioner, did not have Legal Jurisdiction to do so.

FACTS SUPPORTINF GROUND TWO:

The District Attorney of Panola County, Texas presented an indictment for murder, against the Petitioner, to the Panola County Grand Jury. At this point, the District Attorney failed to inform the Grand Jury that this crime had happened in Shelby County, Texas not in Panola County, Texas making it illegal for the Panola County Grand Jury to even consider this case for indictment. With the Penola County Grand Jury's decision to indict Petitioner for murder, outside of Panola County's legal jurisdiction, making this indictment null and void. For Panola County had no legal jurisdiction to either investigate or hand down any indictment in this case, for the murder had been committed in Shelby County, Texas approximently 1 mile south of the Panola County Line. The law plainly states, "The charging county m,ust have jurisdiction to procede with charging for any crime, which with the address provided, at the time of this crime, was infact in Shelby County making this indictment against Petitioner null and void as well as an illegal and felounisis indictment and must be voided. The Panola County Grand Jury did not have legal jurisdiction to procede with any charges against Petitioner. Tex. Code. Ann. 251o 1998.

"Sixth Amendment grants criminal defendants a right to trial by jurors from the

Page 5  3-29-2015  Pg. 2.
W.R.B

"Sixth Amendment grants criminal defendants a right to trial by jurors from the locality where the crime was commited;"

**END OF GROUND TWO.**

## III.

### STATEMENT OF FACTS FOR GROUND THREE

The District Attorney of Panola County, Texas failed to follow state law concerning areas of jurisdiction in which he could bring charges.

**FACTS SUPPORTING GROUND THREE:**

The District Attorney of Panola County, Texas failed to follow state law of legal jurisdiction, in this case, he proceded to file murder charged on the Petitioner even though the murder had happened in Shelby County, Texas and was not in the legal jurisdiction of Panola County, Texas. With the District Attorney's o over zealous attitude he failed to follow state law, of jurisdiction and venue, a and proceded with murder charges even though he did not have legal jurisdiction nor did he bother to have a change of venue. The law, again, plainly states that the charging county must have legal jurisdiction to proceed in any case. This makes the District Attorney's charge of murder in Panola County, Texas an illegal charge since the murder, according to record, had been commited in Shelby County, Texas and out of the legal jurisdiction of the Panola County, Texas District, making any charge in this cause illegal and void. "When Trial Court renders judgement but lacks jurisdiction to do so, judgement is void. State v. Roberts, (App.12 Dist. 1996) 932 S.W.2d 700. Criminal Law: Key Code 990.1 (4). " Tex. Crim. App. 1981. "If jurisdiction of Trial Court is never invoked, any conviction that may result is v void." Palm v. State, 656 S.W.2d 429.

The District Attorney failed to follow criminal procedures, in this cause, a and without filling the charge of murder, on the Petitioner, in Shelby County, Texas as would have been the correct county with jurisdiction, he proceeded with what was an illegal action against the Petitoiner.

 Page 6  3-29-2015  W.R.P.

Pg. 3.

## IV.

### STATEMENT OF FACTS SUPPORTING GROUND FOUR

The District Court of Panola County, Texas that handed down the conviction in this case did not have legal jurisdiction nor did the court have the proper venue to proceed.

### FACTS IN SUPPORT OF GROUND FOUR:

_ The 123rd Judicial District Court of Panola County, Texas handed down a verdict of murder against the Petitioner. The Petitioner can show, with proper maps, that infact this court had no legal jurisdiction in this case and could not legally do so. In order to sustain a conviction, the court must have jurisdiction to render the particular judgement. If trial court is without jurisdiction, for any reason, judgement rendered therein is void. **(4). Criminal Law: Key Code 990.1.** "When Trial Court renders judgement but lacks jurisdiction to do so, judgement is void. Tex. Crim. App. 1996. "In criminal cases, as apposed to civil cases, jurisdiction cannot be substantilly invoked; it either attaches or it does not." Olivo v. State, 918 S.W.2d 519. Tex. Crim. App. 1981. "If jurisdiction of trial court is never invoked, any conviction that may result is void." The District Attorney of Panola County, Texas was in such of a hurry to convict the Petitioner that he failed to follow state law and have charges brought in the county of which the crime was actually commited and then again failed to file for a change of venue. C.A.5 (Tex. 2001. "Venue is an element of any offence, and prosicution always bears burden of proving that trial in in the same district as crime's commission." U.S.C.A. Const. Art. 3, §2, cl. 3; U.S.C.A. Const. Amend. 6; Fed. Rules Cr. Proc. Rule 18, 18 U.S.C.A. / U.S. v. Carreon- Palacio, 267 F.3d 381. Tex.Crim. App. 2003. "Venue" means the county or district in which a court with jurisdiction may hear and determine a case. Soliz v. State, 97 S.W.3d 137, on remand 2003 WL 22433813."



<u>Tex. App. - Houston [1 Dist.] 1994.</u> "Failure to prove venue in county of prosicution is reversible error." The Petitioner has shown that the convicting coutt neither had jurisdiction or proper venue to procede in this case and the conviction should be voided, in accordance with law.

<u>END OF GROUND FOUR.</u>

V.

<u>STATEMENT OF FACTS SUPPORTING GROUND FIVE</u>

The Prosicutor, John Walker, and the District Judge, Bennie Boles conspired together to withhold evidence from the Defendant.

<u>FACTS IN SUPPORT OF GROUND FIVE:</u>

The District Attorney, John Walker, and the District JUdge, Bennie Boles conspired together to withhold evidence that would have cleared the Petitioner of this crime. Any evidence that is favorable to the defence must be turned over to the defence by the Prosicution or there is a Brady Violation. The Prosicution had another person that had stated that it was them that had shot and killed the victim in this case.not the Petitioner. This seems to follow a pattern by the Officer's of the court by not following state laws and proceeding without proper jurisdiction nor proper venue, jusd to convict someone, guilty or not, of this crime.

In the Indictment handed down by the Panola County,Grand Jury states: "did t then and there intentionally and knowingly cause the death of an individual, to-wit, Shane Boyd Caskey, by shooting him with a gun." The Prosicution never said what kind of gun was used nor did the Prosicutuin ever produce a gun that the Petitioner was suppost to have commited this crime with.

The two witnesses for the state that testified at trial wses, Tommy McMan and Elbert Ray Thompson.Thmpson Testified that he let Petitioner out at Crime Seane. Tommy McMan testified that Petitioner told him he had shot decieased. Both McMan and Tompson had criminal charges against themselves which were later droped for their testimoney's, making their testimoney's questionable at most not reliable.

Page 8

W. R. P.
3-29-2015

Pg. 5.

At trial, District Attorney John Walker, alledged that Petitioner had a "SHOT GUN", one that he could not produce nor could he prove that Petitioner ever had a shot gun. In the Indictment there was never a statement to the Grand Jury that a gun had never been produced. Both the Gun or Weapon that was alledged to have been used, in this murder case, by the prosicution were never produced. Yes, someone did shot and kill Petitioner's brother-in-law, but it was not the Petitioner. This whole case, aagainst Petitioner, was a Fabrication by the Prosicution. Just as both state witnesses against Petitioner fabricated their testimoney for the prosicution in Exchange for the Criminal Charges against themselves to be dropped for such testimoney's. SEE ATTACHED EXHEBIT'S

END OF GROUND FIVE.

VI.

CONCLUSION

The Petitioner has shown that their were never a proper venue or proper court jurisdiction to procedd against the Petitioner in this cause. There was never a wepon of any kind ever produced to tye Petitioner to this case. There were two witnesses at trial, that without their testimoney at the trial, there would have been no evidence against the Petitioner, both witnesses had criminal charges that were later droped foo testifying against the Petitioner, making their testimoney questionable at best not reliable.

VII.

PETITIONER'S PRAYER FOR RELIEF

The Petitioner Prays that this Honorable Court will Grant this Application for an "Out of Time Appeal" and Grant the Petitioner an Acquital in the above-styled and numbered cause.

Respectfully Submitted,

William Robert Parker, Petitioner, Pro SE
TDCJ-ID NO. 00325353
L.C. Powledge Unit / TDCJ-CID
1400 FM 3452
Palestine, Texas 75803

W.R.P.

Page 9    3-29-2015

Pg. 6.

WILLIAM ROBERT PARKER
Petitioner, Pro Se

vs.

STATE OF TEXAS
Respondent

§ TWELFTH COURT OF APPEALS
§ FOR THE STATE OF TEXAS
§
§
§
§ TYLER, TEXAS
§

Petitioner's Continued Seperate Memorandum to Support Petitioner's State Application

For Out of Time Appeal ~~██████████████████████████████~~.

To The Honorable Judge of said Court:

COME NOW, William Robert Parker, Petitioner, Pro Se, TDCJ-ID NO. 00325353
hereinafter refered to as "Petitioner" and files this his "Continued Seperate
Memorandum in Support of Petitioner's Application for Out of Time Appeal ~~████~~
~~██████████████████████████~~ The Petitioner will show
this Honorable Court the following:

## I.

## STATEMENT OF FACTS

The 123rd Judicial Court of Panola County, Texas did not allow Petitioner's
Physicist, Thomas Merx, to testify during the "Guilt/ Innocence Phase of the trial".

The District Judge, Lennie Roles, and the Prosicuting Attorney, John Walker,
would not allow Petitioner's Physicist to testify to Petitioner's mental state and
therefore denyed Petitioner a fair trial.

As Petitioner previously cited the recent over-turning of the conviction of
Bernhardt Tide. Mr. Tide was also convicted in Panola County, Texas and his trial
was overturned because his Physicist was not allowed to testify about his mental
condition at the time of the murder he was accused of comiting.

The Petitioner is claiming that his right to a fair trial was denied therefore
violiating his "SIXTH AMENDMENT RIGHT" to a fair trial.



3-29-2015
W.R.R.
Page 10

Pg. 1.

During Petitioner's trial his physician was not allowed to testify to the reason Petitioner was not testifying on his own behalf during the trial. Mr. Mark wanted to make his presentation, of why the Petitioner was not going to testify in his own behalf, but the Judge and the District Attorney would not allow him to do so. This gave cause to the jury that the Petitioner had something to hide and denied Petitioner that area of reasonable doubt.

Petitioner does not have the actual ruling from the TWELFTH COURT OF APPEALS on the Bernardt Tide case, because the unit law library is not up-to-date. Mr. Tide's cause number, _____, was overturned in just the last month and without an outside source he cannot give this Honorable Court the exact rulings in this case.

## II.

## CONCLUSION

The Petitioner has shown this Honorable Court that his Sixth Amendment Right to a fair trial was violated during the Guilt / Innocence Phase of his trial. The Petitioner has already shown this Court that the 123rd Judicial District Court of Panola County, Texas did not have jurisdiction to try Petitioner in the first place, and ask this Honorable Court to overturn this conviction, with prejudice, and find the Petitioner innocent of this crime.

## III.

## PETITIONER'S PRAYER FOR RELIEF

The Petitioner Prays that this Honorable Court will Grant this Application for an "Out of Time Appeal" and Grant the Petitioner an Acquittal in the Above-styled and numbered cause.

Respectfully Submitted,

*William Robert Parker*

William Robert Parker, Petitioner, Pro Se
TDCJ-ID no. 00525353
L.C. Powledge Unit / TDCJ-CID
1400 FM 3452
Palestine, Texas 75803

3-29-2015
W.R.P.

Page 11

Pg. 2.

CAUSE NO. 13,122

| | | |
|---|---|---|
| WILLIAM ROBERT PARKER | § | 123rd Judicial District Court |
| Petitioner, Pro Se | § | |
| | § | |
| v. | § | of |
| | § | |
| STATE OF TEXAS | § | Panola County, Texas 75633 |

---

RE: Sworn statement of Petitioner with Exhebit's in support of GROUND'S FIVE.

Mr. John Walker, when County Attorney for Shelby County in 1979, knew of the issues of Compensety in that,,I William Robert Parker, was in the Houston International Hospital for an extended period of time and was Under Indictment for a Mistermenor Assult of Cam Black of which John Walker represented the state.

Enclosed is a notorized letter of my father at the hearing of Persey Forman showing Dich DeGuerin had this knowledge.

At mid trial for the first time I saw the picture's of the deceased and told counsel that "I did not Commit the crime. The issue of Compendency was brought up for the first time.

The Prosicution never produced the firearm nor did the Prosicution find a firearm that belonged to the Petitioner. The Prosicution only had heresay evidence to convict Petitioner of this crime and then the Petitioner was not allowed to testify in his own behalf and defend himself of the charge. The Judge, District Attorney and Defence Counsel finally raised the issue of Compency at Mid-Trial and this was after getting a conviction.

<u>UNSWORN DECLARATION</u>

I, William Robert Parker, Petitioner, Pro SE, TDCJ-ID NO. 00325353, being presently incarcerated at the L.C. Powledge Unit of the Department of Criminal Justice–Correctional Institutions Division in Anderson County, Texas, does hereby certify that this document is true and correct.**Pursuant to Title 28**

Executed on this the ⟨29⟩ day of ⟨March⟩, 2014.

⟨signature: William Robert Parker⟩

William Robert Parker, Petitioner, Pro Se

⟨handwritten: Page 12 3-29-2015 WRP⟩

Pg. 1

# VII.

## UNSWORN DECLARATION

I, William Robert Parker, TDCJ-ID NO. 00325353, presently incarcerated at the L.C. Powledge Unit/ TDCJ-CID, do hereby declare and certify, that this Memorandum is true and correct, Pursuant to Practice and Remedies, Code 132.001- 132.003. Executed on this 29 day of March, 2015.

William Robert Parker, Petitioner, Pro Se
TDCJ-ID NO. 00325353
L.C. Powledge Unit / TDCJ-CID
1400 FM 3452
Palestine, TExas 75803

3-19-2015
W. R. P.

Page 13

William Robert Parker   §
                        §
        v.              §
                        §   CAUSE NO._____
STATE OF TEXAS          §
                        §

---

## DECLARATION OF INABILITY TO PAY COST

NOW respectfully comes <u>William Robert Parker</u> TDCJ-ID NO. <u>00325353</u> and declare that I am unable to pay court cost in this action and request leave of the court to procede in forma pauperas in this accompanying action and would show the court the following:

I william Robert Parker state by declaration, that I do not have sufficiant funds in my account to pay for the filling of this out of time appeal and ask the Court to wave the filling fee and declare the Petitioner a pauper and allow the Petitioner to proceed in forma pauperas.

(1) I, William Robert Parker TDCJ-ID NO. 00325353 being presently incarcerated in the L.C. Powledge Unit of the TDCJ-CID in Anderson County, Texas verify and declare under penalty of perjury that the foregoing statements are true and correct.

Executed on this **29** day of _Narch_, 201**5**.

_William Robert Parker_
William Robert Parker, Petitioner, Pro Se
TDCJ-ID NO. 00325353
L.C. Powledge Unit / TDCJ-CID
1400 FM 3452
Palestine, Texas 75803

To the 4th Court of Appeals
100 East Pine Road #20
Texarkana, Texas 75501

Page 14   329-2015
          W. R. P.

Affidavid in support of Facts

Cause # 13,122

 I am Franklin Parker I retained Persey Foreman to represente my son William Robert Parker in June of 1980 at this time my son was in Houston International Hospital Mr. Foreman sent his representative Dick DeGuerin to Houston International Hospital to interview my son this was some five monts before I retained Mr. Foreman again to represente my son on a murder case which is the subject of this affidavid. I discussed the facts of my son being in Houston International Hospital with both Persey Foreman and Dick Deguerin and both had information relating to the issue of compendecy some five monts prior to the murder trial where the issue of compendecy was not brought to the courts attention prior to the trial.
 I Franklin Parker certify under pentaly of pergery that the foregoing is true and correct.

Franklin Parkers Signature _Franklin Parker_

Notery Signature _Bonny Welch_

Date _4-6-88_

Notery seal

BONNY WELCH
Notary Public, State of Texas
My Commission Expires 3-10-90

3-29-2015
W.R.P.

Page 15

DICK DeGUERIN
LEWIS DICKSON

# DeGuerin & Dickson

ATTORNEYS AT LAW

SEVENTH FLOOR, THE REPUBLIC BUILDING

1018 PRESTON AVENUE

HOUSTON, TEXAS 77002

AREA CODE 713
TELEPHONE 223-5959

October 3, 1984

Mr. William Robert Parker
No. 325353
P. O. Box 32
Huntsville, Texas 77340

Dear Billy Bob:

The United States Supreme Court has not yet ruled on our Petition for Certiorari and thus you should not file the Petition for Writ of Habeas Corpus you sent me until our direct appeal is over. If the Supreme Court denies us any relief, I will be happy to talk with you or your father and mother about filing a Writ of Habeas Corpus. It should be done. However, once the Supreme Court has ruled, my obligation is at an end. When your father made the fee arrangements with Percy for your representation I was an employee of Percy's. I did not receive any of the fee. Mr. Foreman agreed that you would be represented on appeal and as far as the United States Supreme Court. He obligated his estate to pay for your appeal. Nonetheless, I have not received a penny for the work I have done since I started my own law firm. That is, I have represented you without any fee whatsoever, all of the fee paid by your father having gone to Mr. Foreman.

I am willing to represent you in a writ, if that is your desire and your father's desire, but I'm not willing to do so unless we can agree upon a fee. In other words, I'm not willing to do anymore work without a fee.

Your friend,

Dick DeGuerin

DD/ejd

cc: Mr. and Mrs. Franklin Parker
Rt. 1, Box 47
Tenaha, Texas 75974

3-29-2015
W.R.P.

15. A,

Appendix

1. Cover Sheet

2. Out of Time Appial
   Litter to the Court

③ Pages 1-2-3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, Appeal And Support with Paupers Oath